[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff moves to restore this case to the docket and have judgment enter enforcing a settlement accord. On November 7, 1995, the parties, their attorneys, and Judge Martin engaged in pretrial conferences concerning this civil suit. As a result of these chambers discussions a settlement was reached. The accord was put on the record in open court with all parties and counsel present. The provisions of the accord were that, in exchange for withdrawal of the complaint, the defendants would withdraw their counterclaim, pay the plaintiff $1,000 within one week, and execute a promissory note for $3,000, secured by a mortgage deed, payable to the plaintiff within two years and at a rate of 10 percent interest per year. The note and mortgage deed were to contain the standard provisions regarding collection upon default.
On the record, Judge Martin asked the parties individually if they understood the agreement. In particular, Judge Martin engaged in the following colloquy:
"THE COURT: All right. Thank you. — Mr. and Mrs. CT Page 1702-S Bertrand, you heard the lawyers recite for us all what the agreement is that you've reached with Mr. Ward. Has it been correctly recited?
MR. BERTRAND: Um-hum, yeah.
THE COURT: And you understand the agreement fully?
MR. AND MRS. BERTRAND: Yes.
 THE COURT; Do you have any questions about the agreement?
MRS. BERTRAND: No.
MR. BERTRAND: I don't have.
 THE COURT: Do you need any more time to talk to your lawyer about the agreement?
MR. AND MRS. BERTRAND: No. CT Page 1702-T
 THE COURT: Are you satisfied with the advice and assistance your lawyer has, given you in this matter?
MR. AND MRS. BERTRAND: Yes.
 THE COURT: All right. Anyone have anything else they want to add?
MR. GILCREAST: Nothing additional, Your Honor.
MS. HOYT: No, Your Honor."
A withdrawal was signed by counsel and the parties and submitted to the court. Sometime later the defendants had second thoughts about the agreement, have refused to comply with the settlement accord, and have directed their attorney to notify the plaintiff's counsel that they are backing away from the agreement. The defendants agree to the restoration of the case to the trial docket but object to the summary entry of judgment for the plaintiff. The defendants contend that, in chambers, Judge CT Page 1702-U Martin stated that the defendants could reject the agreement at a later time and the case would be restored to the docket for trial. The court finds that the defendants have failed to prove that Judge Martin made any such statement.
The terms of the settlement accord were explicitly enumerated on the record. The record contains no suggestion that the defendants' acceptance of the settlement was contingent or subject to future abrogation. The defendants acknowledged that they "fully" understood the agreement and that the accord had been "correctly recited" by plaintiff's counsel. The defendants' responses to the court's inquiries are more than mere lip-service and greatly support the plaintiffs position. The defendants' present desire to negate the agreement unilaterally directly contradicts their responses in open court and would render the settlement illusory.
The plaintiff correctly relies on the case of Audubon ParkingAssociates Ltd. Partnership v. Barclay and Stubbs, Inc.,225 Conn. 804 (1993) for the proposition that, when a case is withdrawn under a settlement agreement whose terms are CT Page 1702-V unambiguous, a party to that accord has the right to demand enforcement of the accord by summary entry of judgment consistent with the agreement. Id., 812. The contours of the settlement were clearly and unambiguously placed on the record. The plaintiff's motions to restore the case to the docket and for judgment are granted.
Judgment may enter for the plaintiff and against the defendants, and the defendants are ordered to deliver a cashier's check or equivalent for $1,000 to plaintiff's counsel within one week of me date of this judgment. Also, the defendants are ordered to execute and deliver to plaintiff's counsel a note and mortgage deed consistent with the note and deed attached to this memorandum except with a maturity date two years from the date of judgment. This executed note and mortgage deed are to be delivered to plaintiff's counsel within one week from the date of this judgment. No costs are assessed.
Sferrazza, J.
SCHEDULE A. CT Page 1702-W
piece or parcel of land, with buildings and all other improvements, thereon, situated in the Town of Chaplin, County of Windham, State of Connecticut, on the northeasterly side of Lynch road, in said town, and being shown and described on a certain survey map entitled; "Map of Property of Everett Vertefeuille To Be Conveyed To Joseph E. and Albinia Bertrand Lynch Road Chaplin, Conn. Kasper Associates, Inc. Engineers, Surveyors, Planners Vernon, Connecticut Scale: 1"=40' Date: June 13, 1979 Sheet 1 of 1 Designed By: JS Drawn by LR Checked by: JS Proj. No. V0054," which said survey map is on file in the Chaplin Town Clerk's Office.
Said piece or parcel of land is more particularly bounded and described as follows:
Beginning at an iron rod set in the northeasterly street line of Lynch road, said iron rod marking the westerly corner of the herein described premises, thence N 27° 42' 30" E, 183.0 feet along land now or formerly of Rudolf and Evelyn Morelli, in part along stone wall remains, to iron rod; thence S 74° 26' 40" CT Page 1702-X E, 58.6 feet along a stone wall and land of said Morelli to a rock; thence N 88° 31' 50" E, 31.7 feet along a stone wall and said Morelli land to a drill hole boulder, thence N 19° 23' 50" E, 76.0 feet along said Morelli land to an iron rod; thence S 58° 28' 30" E, 96.4 feet along said Morelli land to a rock, thence S 52° 44' 00" E, 250.6 feet along a stone wall and said Morelli land to a drill hole in a rock, thence N 48° 08' 00" E, 255.8 feet along said Morelli land to an iron rod set at the intersection of fences, thence S 37° 02' 40" E, 295.3 feet along land now or formerly of Roosevelt and Evanageline Hansen to a 12" T/W set at the intersection of fences, thence S 33° 20' 20" E, 77.1 feet along land now or formerly of Fin-Fur and Feather Sportsman's Club, thence S 82° 11' 10" W, 508.2 feet to an iron rod set at the base of a 15" oak tree, thence S 59° 50' 40" W, 219.7 feet to an iron rod set in the northeasterly street line of Lynch Road, the lasts two course being along other land of Vertefeuille, thence N 29° 52' 20" W, 165.1 feet along the northeasterly street line of Lynch Road to a point, thence N 48° 04' 00" W, 303.8 feet along northeasterly street line of Lynch Road to the iron rod at the point and place of beginning. CT Page 1702-Y
Containing 6.29 acres, more or less.
Subject to taxes to the Town of Chaplin on the List of October 1, 1978.